UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

RONNIE BOONE,

                Plaintiff,                      Case No. 2:11-cv-388

v.                                          Honorable Robert Holmes Bell

JEFFREY STEVIE, et al.,

                Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Ronnie Boone filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Jeffrey Stevie, M.D., Prison Health Services, Director of Prison Health Services Lawrence Pomeroy, Susan Wilson, M.D., Nurse Practitioner Cindy Jenkins, Administrative Assistant Jeannie Stephenson, R.N., Regional Healthcare Administrator Terry Malloy, Nurse Supervisor Penny L. Filion, R.N., and Nurse Practitioner / Supervisor Wendy Ball.

Plaintiff alleges that on July 27, 2004, while incarcerated in Jackson County, he was diagnosed as having a "life-threatening bowel disease." On December 27, 2006, while at the Earnest C. Brooks Correctional Facility, Plaintiff was told that he was suffering from a chronic bowel disorder. In November 2007, Plaintiff was transferred to the Kinross Correctional Facility (KCF), where he began requesting care for his bowel disease. Plaintiff states that he requested health care for approximately 6 years, to no avail. Plaintiff was initially scheduled to see Dr. Piazza on November 13, 2009, and was rescheduled at least three times pending persistent use of laxatives as treatment. However, Plaintiff also alleges that in 2008, Dr. Piazza prescribed the following medications: "1) bisadyl / dulcolax (stimulant laxative), three (3) or more tablets; 2) magnesium citrate (stimulant laxative), in excessive doses; 3) latulose (saline laxative), 30 ml twice daily . . .4) colae / stool softener, (emollient laxative), two (2) caps each morning and evening; 5) metamucil, (bulk laxative) twice daily; 6) pain-off tablets (excessive doses), two (2) tables [sic] every four (4) hours for headache & pain; and 7) foaming antacid tablets, & zantac " tablets (excessive doses) as needed for heartburn." Plaintiff also states that on August 9, 2010, Defendant Wilson increased his latulose dosage from 30 ml to 60 ml twice a day and added another medication called "senna," which

is a stimulant.  Plaintiff states that the medications he was taking caused him to have diarrhea, which resulted in anal pain and required Plaintiff to use anti-hemorrhoidal ointment.

Plaintiff alleges that between November 26, 2008, and October 1, 2011, he sent numerous medical kites requesting "proper treatment" from Dr. Piazza, but that he only received laxatives.  Plaintiff contends that as a result, he suffers from "pains in rectum, constant constipation, tired all the time, sore, humiliation from staff and fellow prisoners causing depression, uncontrollable diarrhea resulting from prescribed innappropriate [sic] medication."  Plaintiff asserts that Defendants' failure to provide him with treatment by a specialist constitutes deliberate indifference.  Plaintiff seeks nominal, compensatory, and punitive damages, as well as declaratory and injunctive relief.

### Discussion

I.        Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at

1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).  If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898,  the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105.  As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate

and prison medical personnel regarding the appropriate medical diagnoses or treatment are not

enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No.

95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results

in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-

5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a

complete denial of medical care and those cases where the claim is that a prisoner received

inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). In this

case, Plaintiff alleges that he received inappropriate treatment for his condition, which resulted in

complications. Plaintiff states that the medications he was placed on caused him to have diarrhea,

which resulted in anal pain and required him to use anti-hemorrhoidal ointment. It is clear from

Plaintiff's complaint that his claim is based on a disagreement with the quality of medical care he

received, rather than on a denial of treatment. Where, as here, "a prisoner has received some medical

attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant

to second guess medical judgments and to constitutionalize claims which sound in state tort law."

*Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258

F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds

v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001);

*Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).  Therefore, the court will dismiss Plaintiff's

complaint.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the

Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the

$455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.


Dated: <u>December 12, 2011</u>                              <u>/s/ Robert Holmes Bell</u>
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE